## SCHOMER et v LLOYD

Ohio Appeals, 1st Dist, Butler Co

No 513. Decided Aug 4, 1931

John A. Crist, Middletown, for plaintiff in error.

Fred J. Schatzman & C. W. Elliott, Middletown, for defendant in error.

HAMILTON, J.

The first contention is that there was no evidence of negligence on the part of the plaintiffs in error, from which the jury could render a verdict for the defendant in error. This claim is not tenable, for the reason that there is evidence tending to show that the owners of the property, plaintiffs in error here, had constructed and maintained a cellar door leading into the basement under their storeroom, leased to Alex Casper. The door or rather the covering of the stairway to the basement was in two parts; that when stepped upon one of the doors would sink, leaving a separation between the two parts; that the plaintiff below, Mrs. Lloyd, stepped upon one part, and it sank under her weight, her foot caught in the other part which extended above the part upon which she stepped, throwing her to the street, breaking both her arms and causing other injuries.

There is direct evidence that this defect existed and had existed for a long time prior to the leasing of the storeroom to Casper, and that other persons had fallen in the same way, and that the attention of the owners had been called to the defect.

Evidently counsel for plaintiff in error bases his claim that there is no evidence on the following questions and answers directed to and given by the plaintiff on cross-examination:

"Q. The toe of your foot caught on the half of the other door?

A. Yes, sir.

Q. It didn't catch on the handle?

A. To tell the truth, I don't know. It threw me to my face."

Had the petition grounded the claim on the one fact that the toe of her foot caught upon the handle, no case would have been made out, but the amended petition alleged the defect in the doors as hereinbefore stated, and her testimony directly supports that allegation, although on cross-examination she states she did not know whether the toe of her foot caught on the handle. The jury were the proper judges of the cause of the accident from the evidence adduced, and there being direct evidence tending to prove that plaintiff caught her foot in the door, it is sufficient to sustain the verdict on the weight of the evidence.

Complaint is made that there was no evidence of the reasonable value of the nursing services furnished to the defendant in error. While the evidence on this question as to the value is not clear, there is evidence of services rendered. In addition thereto, the plaintiff below testified that the services were worth $8 to $10 a day at

the most. This is some evidence, and while not of great value, it goes to the weight. Morever, the court in its charge to the jury did not submit nursing expenses as an element of damage.

Plaintiffs in error further argue that the court erred in overruling the objection to the testimony of Fred Schatzmann. Schatzmann was called on rebuttal to testify as to the condition of the doors two years after the accident, and it is urged that this is too remote. This objection would have been sustainable, but for the fact that the condition of the doors at the time Schatzmann examined them was shown to be the same as at the time of the injury, and for a long time prior thereto.

The amount of the verdict is challenged, on the ground that it is excessive and was given under passion and prejudice.

Both arms of the plaintiff were broken in the accident and she was otherwise shocked. The verdict was for $3,000. The fact is the injuries would have sustained a larger verdict.

Complaint is made of the refusal of the trial court to give deefndant's, plaintiffs in error here, charges 1 and 2, requested by them.

Special charge No. 1 is as follows:

"1. If the jury finds from the evidence that the injuries sustained by the Plaintiff resulted solely from a negligent act of commission or omission on the part of Alex Casper, or someone on his leased premises with his consent, then the jury will return a verdict in favor of the Defendants, Schomer, Julius Lewis and Jack Lewis."

Defendants' charge No. 1 was properly refused, for the reason that there was no evidence whatever showing Alex Casper to have anything to do with the cellar doors in question. His lease was for the storeroom only. The lessors, plaintiffs in error here, agreed in the lease to pay for all exterior repairing. He testifies he had no interest in the doors, and did not use them. He was properly dismissed from the case, and special charge No. 1 was properly refused, because there was no evidence upon which to base the charge. The same may be said of special charge No. 2, which involves the same proposition.

Finding no prejudicial error in the record, the judgment of the court of common pleas of Butler County is affirmed.

ROSS, PJ and CUSHING, J, concur.